UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO DE JESUS PEREZ,<br>Plaintiff<br>v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>Defendant. | Case No. 2:17-cv-01800-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff filed a complaint against the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") seeking review of the Commissioner's denial of Plaintiff's applications for Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 12, 14] and briefs addressing the disputed issues in the case [Dkt. 19 ("Pltf.'s Br."), Dkt. 20 ("Def.'s Br.")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On November 13, 2012, Plaintiff filed an application for SSI, alleging that he became disabled as of August 31, 2011. [Dkt. 13, Administrative Record ("AR")

18, 189-194.] The Commissioner denied his claim initially on September 13, 2013 and upon reconsideration on January 27, 2014. [AR 132-134; 111-122.] On May 12, 2015, a hearing was held before Administrative Law Judge ("ALJ") Dale A. Garwal. [AR 68-96.] On June 25, 2015, the ALJ issued a decision denying Plaintiff's claims. [AR 24-43.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 416.920(b)-(g)(1). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since October 8, 2012, the application date. [AR 32.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: organic brain syndrome, borderline intellectual functioning, expressive language disorder, psoriasis, dermatitis (no severe physical limitation). [AR 32 (citing 20 C.F.R. § 416.920(c).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 25-26 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 416.920(d), 416.925, and 416.926).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):
> Full range of work at all exertional levels but with the following nonexertional limitations: the claimant is further limited to simple, routine tasks, with occasional contact with the public and co-workers (no physical restrictions).

[AR 33-38.] Applying this RFC, the ALJ found that Plaintiff has no past relevant work but could perform representative occupations such as dish washer (DOT # 318.687-010) and laundry washer (DOT #: 361.685-018) and, thus, is not disabled. [AR 38-39.] Both positions require Level Two reasoning on the GED scale. [*See* DOT # 318.687-010 (1991 WL 672755); DOT #: 361.685-018 (1991 WL 672987).]

Plaintiff requested review of the ALJ's decision, and on January 5, 2017, the Appeals Council denied review. [AR 1-9.] This action followed.

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV. DISCUSSION

Plaintiff's sole contention is that the ALJ's RFC failed to correctly reflect the opinions of the two state agency consultants, Barbara Moura, Psy.D., and Evelyn Adamo, Ph.D. [Pltf.'s Br. at 4.] The question is whether an inconsistency exists between Dr. Moura's and Dr. Adamo's opinions that Plaintiff is limited to performing "1-2 step tasks" and the ALJ's RFC assessment limiting Plaintiff to "simple, routine tasks" and, if so, whether that inconsistency was required to be addressed by the ALJ. As discussed below, the Court agrees with Plaintiff that an inconsistency exists and that the ALJ failed to explain why he rejected Dr. Moura's and Dr. Adamo's limitation to one to two-step instruction work.

Dr. Moura conducted a review of the medical evidence and provided a mental residual functional capacity assessment on July 26, 2013. [AR 102-107.] Dr. Moura opined that Plaintiff suffered from severe organic brain disorder. [AR 104.] With regard to Plaintiff's mental abilities, Dr. Moura opined that Plaintiff had no limitations in his ability to remember locations and work-like procedures or in his ability to understand, remember, and carry out very short and simple instructions. However, Plaintiff had moderate limitations in his ability to understand, remember, and carry out detailed instructions. Specifically, Dr. Moura stated that Plaintiff is "limited to understanding and remembering simple 1-2 step tasks," "limited to

carrying out simple 1-2 step tasks throughout a regular 40hr workweek/day w[ith] customary breaks," and "can interact appropriately w[ith] public, peers, and supervisors." [AR 107.] On January 24, 2014, Dr. Adamo affirmed Dr. Moura's opinion on reconsideration. [AR 119.]

The ALJ gave "great weight" to both Dr. Moura's and Dr. Adamo's opinions. [*See* AR 37.] However, the ALJ's RFC did not account for Dr. Moura's and Dr. Adamo's opinion that Plaintiff was limited to understanding, remembering, and carrying out simple one to two-step tasks. [AR 33.] Plaintiff contends that the ALJ erred by failing to offer any explanation as to why this limitation was omitted from the RFC.

A claimant's RFC is the most a claimant can still do despite his limitations. *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996) (citing 20 C.F.R. § 416.945(a); SSR 96-8p (an RFC assessment is ordinarily the "maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis," meaning "8 hours a day, for 5 days a week, or an equivalent work schedule")). In assessing a claimant's RFC, the ALJ must consider all of the relevant evidence in the record. *See* 20 C.F.R. § 416.945(a)(2), (3). If an RFC assessment conflicts with an opinion from a medical source, the ALJ "must explain why the opinion was not adopted." SSR 96-8p; *see also Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (explaining that an ALJ is not required to discuss all the evidence presented, but must explain the rejection of uncontroverted medical evidence, as well as significant probative evidence).

Here, although the ALJ purportedly found Dr. Moura's and Dr. Adamo's opinions regarding Plaintiff's mental limitations to be entitled to great weight, the ALJ failed to explain why he did not include the limitation to one to two-step instruction work in the RFC assessment. *See* SSR 96-8p; *see also Vincent*, 739 F.2d at 1394-95. Instead, he limited Plaintiff to "simple, routine tasks." However, Ninth Circuit law makes clear that these two limitations are not equivalent.

4

In *Rounds v. Commissioner Social Security Administration*, the ALJ's RFC determination limited the plaintiff to "one to two-step tasks." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015). A vocational expert testified that the plaintiff could perform jobs like a kitchen helper, hand packager, and recycler—all requiring Level Two reasoning on the GED scale ("ability to carry out detailed but uninvolved written oral instructions"). *Id.* at 1002. On appeal, plaintiff argued that the RFC limitation to "one to two-step tasks" matched Level One reasoning ("ability to carry out simple one–or two-step instructions") and, therefore, she could not as a matter of law perform the Level Two jobs identified by the vocational expert. *Id.* at 1103. The Ninth Circuit agreed and found a conflict between the RFC limit to "one and two step tasks" and the vocational expert's selection of Level Two reasoning jobs, given the "close similarity" between the RFC limitation and Level One reasoning. *Id.* *Rounds* shows that a significant distinction exists between Level One and Level Two reasoning jobs, with Level One jobs typically lining up with the ability to perform one or two step job instructions. In other words, a limitation to one and two–step instruction work is more restrictive than a limitation to simple, routine tasks.

Here, the Court concludes that the ALJ erred with respect to Dr. Moura's and Dr. Adamo's opinions. To the extent that the ALJ accepted the opinion that Plaintiff is limited to one and two–step instruction work, the ALJ's RFC assessment does not account for that limitation. [AR 33.] To the extent that the ALJ *rejected* that portion of state agency consultants' opinions, he erred by failing to provide any reasons for doing so. The Social Security Act tasks the ALJ with determining the credibility of medical testimony and resolving conflicting evidence and ambiguities. *Reddick v. Charter*, 157 F.3d 715, 722 (9th Cir. 1998). An ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). Here, the ALJ did not articulate reasons for rejecting that portion of state agency consultants'

5

opinions, as required by Social Security regulations. SSR 96-8p, at *7, 1996 WL 374184 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted"); *see also Dale v. Colvin*, 823 F.3d 941, 944-46 (9th Cir. 2016).

In response, the Commissioner points out that examining psychologist, Dr. Izzie, limited Plaintiff to simple repetitive tasks and argues that "the ALJ is not required to incorporate each and every portion of the opinions of Drs. Moura and Adamo" into the RFC. [Def.'s Br. at 4.] While this is true, the ALJ was still required to give a reasoned explanation of why he was rejecting the limitation of state agency consultants, despite his apparent acceptance of their opinions, in favor of Dr. Izzie. The ALJ gave no reason to disregard Dr. Moura's and Dr. Adamo's limitations. The Commissioner's post-hoc attempt to buttress the ALJ's decision is not sufficient. *See Banales v. Berryhill*, No. EDCV 16-1247 AGR, 2017 WL 651941, at *2 (C.D. Cal. Feb. 16, 2017) (remanding where ALJ acknowledged a doctor's functional assessment that claimant could perform one–or two-step instructions, but did not expressly discount that conclusion and instead limited claimant to performing "simple repetitive tasks"); *Garcia v. Colvin*, No. CV 16-00652-JEM, 2016 WL 6304626, at *6 (C.D. Cal. Oct. 27, 2016) ("the ALJ's simple, repetitive tasks RFC limitation is consistent with Dr. Deaver's 'simple, routine non-stressful work' opinion [] but plainly inconsistent with his 'easy 1, 2 step directions' limitation which the ALJ decision never mentions. The ALJ necessarily rejected the latter limitation without any explanation as required by Social Security regulations."); *Wells v. Colvin*, No. 1:15-CV-0285-JLT, 2016 WL 4744668, at *8 (E.D. Cal. Sept. 13, 2016) (remanding where ALJ purported to accept doctor's opinion "who reviewed the medical evidence and concluded Plaintiff could 'sustain simple one-two step repetitive tasks," but "did not adopt this limitation in the RFC, instead limiting Plaintiff to "simple, routine, and repetitive tasks.").

*///*

6

Accordingly, the Court finds that the ALJ erred with respect to Dr. Moura's and Dr. Adamo's opinion and the Court cannot say that it was harmless given that the vocational expert testified that Plaintiff could perform jobs like a dish washer and laundry washer—both requiring Level Two reasoning on the GED scale (not Level One reasoning). Accordingly, remand is warranted.

## V. CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* A remand for an immediate award of benefits is appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015).

The Court finds that remand is appropriate because the circumstances of this case do not preclude the possibility that further administrative review of the opinions of Drs. Moura and Adamo and the VE's testimony could remedy the ALJ's errors. The Court therefore declines to exercise its discretion to remand for an immediate award of benefits. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Dominguez v. Colvin,* 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.").

7

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the Decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: April 23, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE